OPINION
Defendant-appellant, Joseph Jackson, Jr., appeals the judgment of the Franklin County Court of Common Pleas, whereby appellant was convicted of theft, and breaking and entering pursuant to a jury trial.
The evidence introduced at trial established the following general factual background. On September 11, 1998, at around 7:00 p.m., Ronald Williams observed a man, later identified as appellant, leaving the property of Columbus Concrete Construction Company ("Columbus Concrete"). Appellant was pushing a concrete saw valued over $500. Appellant was pushing the saw under the fence surrounding the property of the construction company, down the street and into his backyard.
Williams reported the suspicious activity to the police. Williams and the police returned to the concrete construction company property. When they arrived at the building where the concrete saw was stored, they found one of the doors to the building open. Ronald Williams testified that inside the building he observed "tracks of where * * * there was [sic] two concrete saws * * * along with other construction equipment. We saw tracks across the floor in the dust as to where one of the concrete saws was rolled out of the building down the driveway and under a fence * * * and then on down the street."
Upon being informed of the theft, and breaking and entering, Robert Galli, owner of Columbus Concrete, went to his property to survey the damage. He examined the building where the concrete saw was stored. It appeared that someone had tampered with a lock on one of the doors leading into the building. Appellant's point-of-entry was found to be through a hole in one of the doors leading into the building. Galli testified that the hole through the door was not present the previous day. Additionally, Galli testified that the door found open by Williams and the police should not have been open because both he and his fellow company workers never left the door open. Appellant's case proceeded to trial. A jury convicted appellant of theft, and breaking and entering.
Appellant appeals, raising one assignment of error:
 THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant was convicted of breaking and entering, which is defined as the unlawful entering of another's property with the purpose to commit a felony. R.C. 2911.13. The felony at issue is theft. A theft is defined as knowingly obtaining the property of another with a value of $500 or more with the purpose to deprive the owner of the property without the proper consent of the owner. R.C. 2913.02. Appellant asserts that a reasonable trier-of-fact could not have determined that he had the requisite intent to enter the concrete construction property to commit a theft offense because the concrete saw was abandoned property. Appellant told the police that he found the concrete saw next to a trash dumpster on the property. Therefore, appellant asserts that his conviction is against the manifest weight of the evidence. We disagree.
In reviewing whether a verdict is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Thus, this court reviews the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id. Additionally, we determine "whether in resolving conflicts in the evidence, the [trier-of-fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.,
quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also, Columbus v. Henry (1995), 105 Ohio App.3d 545, 547-548. Reversing a conviction as being against the manifest weight of the evidence is one reserved for only the most "exceptional case in which the evidence weighs heavily against the conviction."Thompkins, at 387.
In this case, the evidence establishes that appellant was seen taking a concrete saw, valued over $500, from the property of Columbus Concrete. Appellant was pushing the concrete saw under the fence surrounding the property, down the street and into his backyard. Despite appellant's assertion that the saw was abandoned near a dumpster on the property, the evidence establishes that the concrete saw was stored in a building on the property. Galli testified that neither he nor any of his employees left the saw laying outside. Williams testified that he and the police found that one of the doors of the storage building was open. However, Galli testified that both he and his fellow company workers never left the door open. Williams testified that, when he looked inside the building where the saw was stored, he observed "tracks of where * * * there was [sic] two concrete saws * * * along with other construction equipment. We saw tracks across the floor in the dust as to where one of the concrete saws was rolled out of the building down the driveway and under a fence * * * and then on down the street."
Upon a review of the record, we find nothing to support a finding that appellee's witnesses were not credible and should not be given consideration. Thus, we conclude that the evidence in this case supports appellant's conviction. In light of the evidence noted above, we conclude that appellant's assertion, that the saw was abandoned near a dumpster, does not create such a conflict in the evidence necessitating us to conclude that the evidence weighs heavily against the conviction. Indeed, a conviction is not against the manifest weight of the evidence solely because the jury heard inconsistent testimony. State v.Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported (1996 Opinions 2053, 2058). Credibility determinations on conflicting testimony are issues primarily reserved to the trier-of-fact to be second-guessed only in the most exceptional case. In re Jerome Fisher (June 25, 1998), Franklin App. No. 97APF10-1356, unreported (1998 Opinions 2338, 2345).
We acknowledge appellant's claim that there is no physical evidence directly linking appellant as the person who tampered both with the fence surrounding the building where the concrete saw was stored, as well as the doors leading into the storage building. However, appellant took a saw from the concrete construction company property which was determined to be stored in a building on the property. The record shows that the chain-link fence surrounding the building where the company stored the saw was tampered with to allow a person to push through the fence. One of the doors of the building had a hole through it to allow someone to enter into the building. Galli testified that the door did not have such a hole through it the previous day. Additionally, the record also shows that someone had tampered with the locks on a door leading into the building where the saw was stored.
Thus, we conclude that there is ample circumstantial evidence to support a conclusion that appellant impermissibly and forcibly entered the building where the saw was stored at Columbus Concrete. Circumstantial evidence has equal probative value as direct evidence. State v. Nicely (1988), 39 Ohio St.3d 147, 151.
As such, based on the reasons noted above, we conclude that appellant's conviction is not against the manifest weight of evidence. Therefore, we overrule appellant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.